IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 18, 2008

**STATE OF TENNESSEE v. GRADY HAYES BROWN**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2006-A-269     Seth Norman, Judge**

---

**No. M2007-01921-CCA-R3-CD - Filed July 24, 2008**

---

The Defendant pled guilty to one count of rape and two counts of sexual battery by an authority figure.  Pursuant to the plea agreement, the Petitioner received an eight year sentence for the rape conviction and three year sentences on each sexual battery conviction.  The trial court held a sentencing hearing to determine the manner of service.  At the sentencing hearing, the Defendant complained that his counsel forced him to plead guilty, after which counsel moved to withdraw.  The trial court denied the motion to withdraw, and it ordered the Defendant to serve the sexual battery convictions concurrently to each other but consecutively to the rape conviction.  The court also denied alternative sentencing.  On appeal, the Defendant raises three issues: (1) the trial court erred in refusing to allow Counsel to withdraw during the sentencing hearing; (2) the trial court erred in imposing consecutive sentencing for the sexual battery and rape convictions; and (3) the trial court erred in denying alternative sentencing.  After a thorough review of the record and applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

David Hopkins (at hearing), and William E. Griffith (on appeal), Nashville, Tennessee, for the Appellant, Grady Hayes Brown.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Sharon Reddick, Assistant District Attorney General, for the Appellee, the State of Tennessee.

**OPINION**
**I.  Facts**

A Davidson County Jury indicted the Defendant for thirteen counts of various sexual assaults.

Pursuant to the plea agreement, the Defendant pled guilty to three of those counts, with ten being dismissed. Because the Defendant failed to include in the record the transcript from the guilty plea hearing, we do not have the benefit of a detailed version of the facts underlying the guilty pleas. Nevertheless, we can glean from the record that the Defendant dated a woman named Blackwell, and the allegations arose from the Defendant's interactions with Blackwell's minor son, the victim. The victim alleged that the Defendant sexually assaulted him at various times over the course of a year and a half.

At the sentencing hearing, the following evidence was presented: Detective Les Carlisle of the Goodlettsville Police Department testified that he investigated a police report filed by Blackwell on behalf the victim. During an interview, the victim stated that his mother would go to work each night, during which time the Defendant would watch the victim and his siblings. The victim told Detective Carlisle that "during a year and a half period, several times, that [the Defendant] fondled him, performed oral sex on him, would kiss him about his body and rub him. He also stated on a couple of occasions that he attempted to penetrate his rectum." During this time, the victim was twelve to thirteen years old. Detective Carlisle called the Defendant for an interview, and the Defendant came into the police station and consented to the interview. After Detective Carlisle read him his *Miranda* rights, the Defendant denied having sexual contact with the victim. Later in the interview, however, the Defendant admitted fondling the victim "several times."

Detective Carlisle testified that, based on his interview, he sought an indictment containing multiple counts against the Defendant. Although the Defendant only pled guilty to the allegations contained in three counts, Detective Carlisle testified that the Defendant admitted to additional incidents. He stated that the victim has had "some problems" since the incidents but did not provide further explanation.

On cross-examination, Detective Carlisle testified that the victim had "problems" prior to the accusations, and, in fact, the victim's accusations developed during an interview after one of these "problems." Detective Carlisle stated that the victim was not at the sentencing hearing because he was in juvenile detention. Detective Carlisle said that, after the interview, the Defendant was not immediately arrested, and he had not violated his bond. He also admitted that he knew of no prior criminal convictions, and he wished the Defendant would "get treatment."

The Defendant testified that he was fifty-five years old, and he had never been convicted of a crime. He served in the United States Marines for five years and was honorably discharged. While in the military, he worked as a customs inspector and police officer and received two medals. Since leaving the military, he worked as a security officer for the U.S. Customs House and then for the State of Tennessee for twenty-four years. He stated he has not been in any trouble during that time.

The Defendant testified that he met Blackwell when she was dating his father. After a period of time, they began dating, and the accusations came almost two years later. Since his arrest in 2005, the Defendant stated that he had been on bond and had not been in any more trouble. The Defendant testified that he owned a home and a rental property in Davidson County, and he received ten percent

disability from the military.

In addressing his guilty plea, the Defendant testified that he pled guilty "because [he] didn't know what to do." At the time, he felt as though his best interests were served by pleading guilty. The Defendant then stated, "I would like to say to the Court about the accusations that [the victim] said, that they are totally untrue." The Defendant indicated that he felt sorry for the victim, and blamed the accusations on Blackwell. The Defendant stated that he understood what registering as a sex offender would require if he were released on an alternative sentence. Although he did not understand at the time of his guilty plea, he recognized that he would lose his job with the State, but he stated he would find a new job. The Defendant then stated again that the accusations were untrue.

On cross-examination, the Defendant reiterated that the accusations and his admissions were not true. He stated that everything he told the police was "made up" to satisfy the detective who "wanted a show." The Defendant placed blame on the victim, the victim's mother, the police, and his attorney ("Counsel"). He claimed that Counsel told him to plead guilty, so he did. The Defendant then admitted he was a "father figure" for the victim. At this point, Counsel made an oral request to withdraw from representing the Defendant because the Defendant claimed he forced the Defendant to plead guilty. The trial court continued the hearing in order to review the transcript from the guilty plea.

After the sentencing hearing resumed, the State noted from its review of the guilty plea hearing that the Defendant expressed no dissatisfaction with Counsel. The trial court denied Counsel's formal motion to withdraw as counsel because it was "satisfied" that Counsel did "exactly what [he] was supposed to do in this case." On redirect-examination, the Defendant testified that he had two children, ages seventeen and thirty-one, living in Tennessee. The Defendant stated that he filed for bankruptcy and was still under a bankruptcy order. He claimed he had met every obligation of the bankruptcy order.

After hearing testimony at the sentencing hearing and reading the guilty plea transcript, the trial court found that the Defendant refused to accept blame for his actions, and, instead, placed blame on others. Pursuant to the psycho-sexual evaluation, the court found the Defendant was a pedophile. Accordingly, the court sentenced the Defendant to serve 100% on the rape charge and classified him as a Range I offender for the two sexual battery charges. The Court ordered the sexual battery charges to run consecutively to each other and concurrently to the rape charge for a total effective sentence of eleven years in prison. The court also found the Defendant was "dangerous" and revoked his bond. It is from these judgments that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant raises three issues: (1) the trial court erred in refusing to allow Counsel to withdraw during the sentencing hearing; (2) the trial court erred in imposing consecutive sentencing for the sexual battery and rape convictions; and (3) the trial court erred in denying alternative sentencing. The State initially responds that all these issues are waived because the

Defendant failed to include in the record a transcript of his guilty plea. Additionally, the State argues that each issue is without merit.

## A. Motion of Counsel to Withdraw at Sentencing Hearing

Based on the sentencing hearing transcript, Counsel's motion to withdraw was premised on the Defendant's statement that Counsel forced him to plead guilty. Counsel was concerned that this placed him in an adversarial position with the Defendant and thus created a conflict of interest. *See* Tenn. Sup. Ct. R. 8, RPC 1.16. The State argues that the Defendant's failure to include the guilty plea transcript, reviewed by the trial court before ruling on the issue, constitutes waiver. *See* Tenn. R. App. P. 24(b); *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). Although we would have preferred to have the transcript of the guilty plea, we conclude it is not required to review this issue. Therefore, the Defendant has not waived this issue.

A decision about whether to allow counsel to withdraw is within the discretion of the trial court and may not be reversed absent an abuse of discretion. *State v. Branam*, 855 S.W.2d 563, 566 (Tenn. 1993); *State v. Russell*, 10 S.W.3d 270, 275 (Tenn. Crim. App. 1999) (citing *State v. Melson*, 638 S.W.2d 342, 359 (Tenn. 1982); *Baxter v. State*, 503 S.W.2d 226, 230 (Tenn. Crim. App. 1973)). Pursuant to statute, "The court *may*, upon good cause shown, permit an attorney appointed under this part to withdraw as counsel of record for the accused." T.C.A. § 40-14-205(a) (2006) (emphasis added).

The basis for the request to withdraw is based in Rule of Professional Conduct 1.16, which provides: "[A] lawyer may withdraw from the representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if : . . . good cause for withdrawal exists[.]" Tenn. Sup. Ct. R. 8, RPC 1.16(b)(6). The Defendant claims the "good cause" is the conflict of interest presented by the Defendant's allegation that Counsel forced him to plead guilty. We disagree. The statement by the Defendant – that Counsel forced him to plead guilty – came near the conclusion of the sentencing hearing, some four months after the Defendant pled guilty. Counsel was not inhibited in any way from continuing to represent the Defendant through the conclusion of the sentencing hearing, and he did so admirably. The trial court did not abuse its discretion in denying the motion to withdraw, because Counsel's continued representation did not prejudice the Defendant during the remainder of his sentencing hearing.

## B. Sentencing

Although the State again asserts that the Defendant waived this issue by not including the transcript of the guilty plea hearing, we again conclude that the transcript is not absolutely necessary to the resolution of these issues. Therefore, we will address both sentencing arguments – that the trial court erred in ordering partial consecutive sentencing and in denying alternative sentencing. When a defendant challenges the length, range or manner of service of a sentence, this Court must conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2006). As the Sentencing

Commission Comments to this section note, the burden is on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record, and gave due consideration and proper weight to the factors and principles relevant to sentencing under the 1989 Sentencing Act, T.C.A. § 40-35-103 (2006), we may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994).

In conducting a de novo review of a sentence, we must consider: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing, (4) the arguments of counsel relative to sentencing alternatives, (5) the nature and characteristics of the offense, (6) any mitigating or enhancement factors, (7) any statements made by the defendant on his or her own behalf and (8) the defendant's potential or lack of potential for rehabilitation or treatment. *See* T.C.A. § 40-35-210 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

### 1. Consecutive Sentencing

The Defendant pled guilty to rape, a Class B felony, and two counts of sexual battery by an authority figure, Class C felonies. T.C.A. §§ 39-13-503, -527 (2006) (rape and sexual battery by an authority figure, respectively). The agreed-upon lenghts of those sentences for those convictions were eight years for rape and three years for each of the sexual battery convictions. In setting a sentence with multiple convictions, the trial court must abide by the guidelines in Tennessee Code Annotated section 40-35-115. That statute provides:

> The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:
>
> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b) (2006). The presence of a single factor is sufficient to justify consecutive sentencing. *State v. Black*, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

It appears the trial court imposed partial consecutive sentencing based upon subsection (4), because the Defendant was a "dangerous" person. In our view, the evidence in the record does not support a finding that the Defendant's "behavior indicated little or no regard for human life, and [that the Defendant had] no hesitation about committing a crime in which the risk to human life was high." The record, however, does contain substantial evidence to support consecutive sentencing under subsection (5). The Defendant pled guilty to three crimes involving sexual abuse of a minor. By his own admission, he was the victim's father figure, and the abuse occurred over a year and a half. This provides substantial evidence for consecutive sentencing based on subsection (5). We conclude that the trial court did not err in ordering the sexual battery convictions to be served consecutively to the rape convictions for an effective eleven year sentence.

**2. Alternative Sentencing**

Finally, the Defendant argues that the trial court erred in failing to order full probation or split confinement. The Tennessee Supreme Court noted recently that, due to the 2005 sentencing amendments, a defendant is no longer *presumed* to be a favorable candidate for alternative sentencing. *State v. Carter*, — S.W.3d —, 2008 WL 2081247, at *10 (Tenn. 2008) (citing T.C.A. § 40-35-102(6) (2006)). Instead, a defendant who is not within "the parameters of subdivision (5) [of T.C.A. § 40-35-102], and who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." *Id*. (footnote omitted). Generally, defendants classified as Range II or Range III offenders are not to be considered as favorable candidates for

alternative sentencing.[1]  T.C.A. § 40-35-102(6); 2007 Tenn. Pub. Acts 512.  Additionally, we note that a trial court is "not bound" by the advisory sentencing guidelines; rather, it "shall *consider*" them.  T.C.A.§ 40-35-102(6) (emphasis added).

If a defendant seeks probation, then that defendant bears the burden of "establishing [his] suitability."  T.C.A. § 40-35-303(b) (2006).  As the Sentencing Commission points out, "even though probation must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law."  T.C.A. § 40-35-303 (2006), Sentencing Comm'n Cmts.

When sentencing the defendant to confinement, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103 (2006).

The Defendant was convicted of a class B felony; therefore, he is not considered a favorable candidate for alternative sentencing.  T.C.A. § 40-35-102(6).  We conclude the trial court was not in error in denying the Defendant an alternative sentence.  The Defendant is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and applicable law, we conclude that the trial court did not err in denying the motion by Defendant's counsel to withdraw.  Additionally, we do not find any reversible error in the trial court's sentencing of the Defendant.  The judgments of the trial court are affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE

---

[1] The legislature did carve out an exception to this rule where if "a defendant with at least three (3) felony convictions is otherwise eligible, such a defendant may still be considered a favorable candidate for any alternative sentencing that is within the jurisdiction of and deemed appropriate by a drug court."  2007 Tenn. Pub. Acts 512.